IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
October 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:25-cr-00041 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| BRAYAN SANCHEZ-VARELA, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are two motions to stay filed by the United States, the second of which is labeled an "amended motion" and docketed as an "emergency motion." Both seek an order staying the orders of the U.S. Magistrate Judge denying a detention hearing and granting the defendant's pre-trial release. (Dkt. Nos. 30, 31.) Defendant has filed an opposition (Dkt. No. 35), which the court has considered.

The first motion will be denied as moot in light of the filing of the amended motion. For the reasons set forth below, the second motion will be denied.

I. BACKGROUND

In the interest of issuing this opinion quickly, the court will not set forth extensive background regarding the case. Distilled to its most important points, defendant was charged in a criminal complaint on September 19, 2025. On September 29, 2025, U.S. Magistrate Judge C. Kailani Memmer, who was assigned to the case, held a hearing and determined that the government had not shown it was entitled to a detention hearing. She then set conditions of release and allowed Sanchez-Varela to be released on an unsecured bond. Judge Memmer also denied the government's motion to stay that order. (Dkt. No. 25.)

The following day, the United States filed a motion asking this court to stay Judge Memmer's order setting conditions of release and order denying a detention hearing. (Dkt. No. 30.) One day later, on October 1, 2025, the United States filed its amended/emergency motion to stay

Judge Memmer's order. (Dkt. No. 31.) In that motion, the United States notes that Sanchez-Varela has been taken into custody by the department of Immigration and Customs Enforcement (ICE), and that he is scheduled to be deported to Honduras on Saturday, October 4, 2025.[1] (*Id.* at 1–2.)

In his opposition, defendant first emphasizes that the motion to stay was referred to Judge Memmer under 28 U.S.C. § 636(b)(1)(A), and thus that the government's motion to stay is properly construed as objections to her order. (Opp'n 1, Dkt. No. 35.) As such, it should be reviewed under the standard set forth in that subsection of the statute: specifically, the court may reconsider the matter only if Judge Memmer's order "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). (*See also* Opp'n 2 (quoting same).) He then goes on to discuss the reasons why a stay is inappropriate and why Judge Memmer's ruling is not clearly erroneous.

## II. DISCUSSION

Regardless of whether the court is reviewing Judge Memmer's decision only for clear error or de novo, the court concludes that the United States has failed to meet its burden to entitle it to a stay. Because defendant is already in ICE custody, it is unclear what effect a "stay" of the release order would have. And significantly, the United States has pointed to no authority for the proposition that this court can, in these circumstances, issue an order that would effectively require another executive agency to release a person in its custody or otherwise take action that is effectively requiring it to not deport someone.

Furthermore, the court concludes that the analysis under *Nken v. Holder*, 556 U.S. 418 (2009), which the parties agree applies here, does not support the granting of a stay. The four factors to be considered under *Nken* are: "(1) whether the stay applicant has made a strong showing of success on the merits of the appeal, (2) whether the absence of a stay will cause irreparable harm

---

[1] According to the United States, Sanchez-Varela initially claimed that he feared returning to Honduras, which would have "prompt[ed] further administrative proceedings." (Dkt. No. 31 at 2.) He has since withdrawn that argument, paving the way for more immediate removal. (*Id.*)

to the moving party, (3) whether the issuance of a stay will substantially injure the other interested parties, and (4) whether the issuance of a stay supports the public interest." *United States v. Vasquez-Robles*, No. 2:25-mj-55, 2025 WL 1090884, at *6 (E.D. Va. Apr. 7, 2025) (citing *Nken*, 556 U.S. at 434)).  The first two factors are the most important.  *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 768 F. Supp. 3d 735, 737–38 (D. Md. 2025).

As to the first factor, the United States has pointed to facts that it says show defendant is a serious risk of flight such that Judge Memmer's denial of a detention hearing and order of release without a hearing were erroneous.  While the court agrees that some of the facts in the record suggest a possibility of flight, the United States is only entitled to a detention hearing if it shows "a serious risk that [defendant] will flee." 18 U.S.C. § 3142(f)(2)(A).  Its evidence does not rise to that level.  Thus, the government has not made a "strong showing" that there is a "serious risk" defendant will flee.[2]

The second *Nken* factor also favors the defendant.  The factual situation here is similar to that in *United States v. Castro-Martinez*, No. 7:25-cr-00032, 2025 WL 2689023 (W.D. Va. Sept. 19, 2025), recently decided by the court.  Just as in that case, the government here concedes that the irreparable harm stems from the actions of another executive agency—i.e., the likely removal of the defendant by ICE. (*Id.* at 3.)  But it argues that they are two different agencies "with different priorities and directives," and that ICE's removal would cause the government's criminal prosecution "irreparable harm." (Am. Mot. Stay 5.)  And again, as in *Castro-Martinez*, the United States

> fails to grapple with the authority Judge Memmer cited on this point, including two recent district court cases holding that the possibility of removal by another executive agency is an insufficient basis to fine irreparable harm to the United States in a criminal prosecution. (*See* Mem. Op. & Order at 4–5 (citing and discussing *United States v.*

---

[2] If defendant is not deported on October 4, the court will then consider defendant's motion for a detention hearing in the normal course.  The court's ruling herein is not addressing the merits of that motion, only whether the United States has made a strong showing of a likelihood of success on the merits.

> *Abrego*, No. 3:25-cr-00115, 2025 WL 1762967, at *6 (M.D. Tenn. June 25, 2025) and *United States v. Vasquez-Robles*, No. 2:25-mj-55, 2025 WL 1090884, at *7 (E.D. Va. Apr. 7, 2025)).) Judge Memmer elaborated: "To ensure the government does not suffer the harm for which it complains, it is incumbent upon *itself*—not the court on this motion—to make sure deportation does not occur before the defendant faces the underlying charges against him." (*Id.* at 5.)

*Castro-Martinez*, 2025 WL 2689023, at *2. The United States has not presented the court with *any* authority to show that this court may issue a "stay" of an order of release once a criminal defendant has been taken into ICE custody and is facing imminent deportation.

The third factor is possibly dependent on what the court would rule if it held a detention hearing and perhaps dependent on whether defendant would prefer to stay in the United States and face criminal prosecution or be returned to Honduras and avoid (for now) such prosecution. So that factor does not weigh heavily in either party's favor. As to the fourth, the public interest lies in granting bond to any defendant who qualifies for it. *United States v. Salerno*, 481 U.S. 739, 755 (1987).

In sum, the *Nken* factors do not support issuance of a stay here.

### III. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that the government's motion to stay (Dkt. No. 30) is DENIED AS MOOT in light of the filing of its amended motion. Its amended/emergency motion to stay (Dkt. Nos. 31) is DENIED.

The clerk is DIRECTED to provide notice of this order to all counsel of record.

Entered: October 3, 2025.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge